NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**INDUSTRIAL TECHNOLOGY RESEARCH INSTITUTE AND ITRI INTERNATIONAL, INC.,**
*Appellants,*

v.

**INTERNATIONAL TRADE COMMISSION,**
*Appellee,*

AND

**LG ELECTRONICS, INC., LG ELECTRONICS U.S.A., INC., LG DISPLAY CO., LTD., AND LG DISPLAY AMERICA, INC.,**
*Intervenors.*

---

2013-1480

---

Appeal from the United States International Trade Commission in Investigation No. 337-TA-805.

---

Decided: June 23, 2014

---

ARI RAFILSON, Shore Chan DePumpo LLP, of Dallas, Texas, argued for appellants. With him on the brief were

MICHAEL W. SHORE, ALFONSO GARCIA CHAN, and RUSSELL J. DEPALMA.

MEGAN M. VALENTINE, Attorney, Office of the General Counsel, United States International Trade Commission, of Washington, DC, argued for appellee. With her on the brief were DOMINIC BIANCHI, General Counsel, and WAYNE W. HERRINGTON, Assistant General Counsel.

MEREDITH MARTIN ADDY, Steptoe & Johnson LLP, of Chicago, Illinois, argued for intervenors. With her on the brief were CHARLES F. SCHILL, JAMIE B. BEABER, JOHN CARACAPPA, ALICE ALEXANDRA KIPEL, GRETCHEN P. MILLER, and TIFFANY A. MILLER, of Washington, DC. Of counsel was MICHAEL W. MAAS.

―――――――――

Before MOORE, CLEVENGER, and O'MALLEY,
*Circuit Judges.*

O'MALLEY, *Circuit Judge.*

Industrial Technology Research Institute and ITRI International, Inc. (collectively, "ITRI") appeal from a decision of the United States International Trade Commission ("the Commission") finding that respondents—including LG Electronics, Inc.; LG Electronics USA, Inc.; LG Display Co., Ltd.; and LG Display America, Inc. (collectively, "LG")—did not violate 19 U.S.C. § 1337 (2012) ("section 337") by the importation, sale for importation, or sale following importation of products alleged to infringe U.S. Patent No. 6,883,932 ("the '932 patent"). Because the Commission correctly construed the contested claim term, and because ITRI's infringement and domestic industry positions would require our reversal of that construction, we affirm the Commission's determination of no section 337 violation. In light of these findings, we decline to address the Commission's validity determinations.

## I. Background

### A. The '923 Patent

The '923 patent, titled "Apparatus for Improving Uniformity Used in a Backlight Module," relates to a structure used in backlit digital display screens to uniformly distribute light across the screen. For example, liquid crystal display ("LCD") screens—used as both computer monitors and televisions—have multiple light sources behind the screen that emit light. These light sources are required for the screen to display pictures to the viewer. Without any structures to help distribute the light, however, the area directly over the light source would appear the brightest and the other areas would appear darker. This would create unwanted shadows in the display. To solve this problem, LCD manufacturers put a textured sheet, called a "light-diffusing sheet," between the light source and the viewing screen to diffuse the light evenly across the screen. As the '923 patent acknowledges, these light-diffusing sheets were well known in the prior art. The '923 patent explains that "light-diffusing sheets are mounted with micro particles having various sizes and densities for refracting or diffusing the illuminating light as uniformly as possible." '923 patent col. 1 ll. 27–30.

The '923 patent purports to cover an improved structure to uniformly diffuse the light using "structured arc sheets," instead of light-diffusing sheets. Figure 2 is representative of the claimed invention.



FIG. 2

*Id.* fig. 2.

The light sources emit light in all directions, but the structured arc sheets are placed between the light sources and the viewing screen. The structured arc sheets reflect the light toward the reflective back panel, which reflects the light uniformly onto the screen. The structured arc sheets must be constructed with appropriate curvature, shape, thickness, and reflectivity to ensure uniformity in light distribution across the screen. The '923 patent explains that these structured arc sheets are superior to light-diffusing sheets because less light is absorbed, making the structured arc sheets more energy efficient.

Claim 6 is the sole independent claim at issue:

6. An apparatus for improving uniformity used in a backlight module comprising:

a plurality of light sources for providing an illuminating light;

a reflective housing adjacent to the light sources for receiving the light sources and reflecting the illuminating light; and

two structured arc sheets mounted at the periphery of the light source for making the illuminating

light uniform, wherein said structured arc sheets have different thickness or curvature.

*Id*. col. 4 ll. 20–31.

## B. Commission Proceedings

On September 14, 2011, the Commission instituted Investigation No. 337-TA-805 based on ITRI's allegations that LG violated section 337 by importing or selling following importation into the United States certain LCD computer monitors and televisions that infringed the '932 patent. ITRI alleged that a domestic industry existed as to its patent because it had licensed its patent to Samsung Electronics Co., Ltd. and its subsidiaries (collectively, "Samsung") and Samsung sold LCD screens that practiced the '923 patent in the United States.

The presiding administrative law judge ("ALJ") issued a final initial determination ("Final ID"), finding no violation of section 337 because LG did not infringe the '932 patent based on his construction of "structured arc sheet." The ALJ construed "structured arc sheet" to mean "a sheet that is constructed in the shape of an arc." *In re Certain Devices for Improving Uniformity Used in a Backlight Module*, USITC Inv. No. 337-TA-805, 2012 WL 5424021, at *20 (ITC Oct. 22, 2012). He then concluded that LG's products did not contain "structured arc sheets" as construed. The ALJ also found that—because Samsung's products, like LG's products, did not contain "structured arc sheets" as construed—ITRI had failed to meet the technical prong of the domestic industry requirement. ITRI appealed these determinations. LG conditionally cross-appealed the validity of the patent, which the ALJ did not address in the Final ID because he found no infringement and invalidity was only asserted as

an affirmative defense, not a counterclaim.[1] The Commission declined to consider the ALJ's Final ID, however, and sent the matter back, directing the ALJ to first make an initial determination regarding invalidity and unenforceability.

On remand, the ALJ issued another final initial determination ("Remand ID"), again finding no violation of section 337. In addition to his previous claim construction, non-infringement, and domestic industry findings, the ALJ found, *inter alia*, the '932 patent invalid as anticipated. ITRI again appealed the ALJ's decision to the Commission. LG conditionally cross-appealed the ALJ's other invalidity and unenforceability determinations, which are not at issue here.

On May 6, 2013, the Commission reviewed the ALJ's determinations and terminated the investigation, finding no violation of section 337. The Commission, *inter alia*, affirmed: (1) the ALJ's construction of "structured arc sheet"; (2) the finding of non-infringement and failure to meet the technical prong of the domestic industry requirement based on that construction; and (3) the determination that the '932 patent was invalid as anticipated. ITRI timely appealed these findings by the Commission to this court. We have jurisdiction under 28 U.S.C. § 1295(a)(6) (2012).

---

[1]    If invalidity had been asserted as a counterclaim, it would have been removed to a district court. *See* 19 U.S.C. § 1337 ("A respondent may raise any counterclaim in a manner prescribed by the Commission. Immediately after a counterclaim is received by the Commission, the respondent raising such counterclaim shall file a notice of removal with a United States district court in which venue for any of the counterclaims raised by the party would exist under section 1391 of title 28.").

## II. Discussion

We review the ITC's legal determinations de novo and its factual findings for substantial evidence. *Apple Inc. v. Int'l Trade Comm'n*, 725 F.3d 1356, 1361 (Fed. Cir. 2013) (citing *Crocs, Inc. v. Int'l Trade Comm'n*, 598 F.3d 1294, 1302 (Fed. Cir. 2010)). Claim construction is a matter of law, which we review de novo. *Id.* (citing *Sorensen v. Int'l Trade Comm'n*, 427 F.3d 1375, 1378 (Fed. Cir. 2005)).

### A. Construction of "Structured Arc Sheet"

Claim terms should be given their ordinary and customary meaning to a person having ordinary skill in the art at the time of the effective date of the patent application. *Phillips v. AWH Corp.*, 415 F.3d 1303, 1312–13 (Fed. Cir. 2005) (en banc). To ascertain the scope and meaning of the asserted claims, we look to the words of the claims themselves, the specification, the prosecution history, and any relevant extrinsic evidence. *Id.* at 1315–17. This inquiry typically begins and ends with the intrinsic evidence. In fact, the specification is the single best guide to the meaning of the claim terms; it is usually dispositive. *Id.* at 1318 ("[T]he specification 'is always highly relevant to the claim construction analysis. Usually, it is dispositive . . . .'" (internal citations omitted)). If, and only if, the intrinsic evidence does not establish the meaning of a claim, we can turn to the extrinsic evidence, e.g., inventor testimony, expert testimony, and learned treatises. *Id.* at 1317.

ITRI challenges the Commission's construction of "structured arc sheet" as "a sheet that is constructed in the shape of an arc." ITRI proposes that structured arc sheet instead be construed as "a sheet containing an *arc-like* structure for altering the pathway of illuminating light in multiple directions." Appellant's Br. 19 (emphasis added). ITRI argues that the ITC erred when it restricted the scope of "structured arc sheet" to the disclosed embodiments by improperly inferring a size of the claimed

structured arc sheets. ITRI asserts that, in addition to the disclosed embodiments, the '932 patent also covers flat sheets with microscopic "arc-like" structures. Because the claims account for two structured arc sheets that have a different "thickness" *or* "curvature," moreover, ITRI insists that two sheets with a zero curvature—i.e., two flat sheets—but different thickness should be covered by the claim. ITRI also argues that the prosecution history supports its construction because the reference the examiner cited as disclosing the two structured arc sheets was actually a single sheet. ITRI further contends that only its construction adds a limitation that explains how the structured arc sheets function, and, according to ITRI, there is no dispute as to how the arc sheets function.

The Commission and LG respond that the intrinsic evidence—including the claim language, specification, and prosecution history—fully supports the Commission's construction. According to the Commission and LG, ITRI has cited no support for its construction that changes "arc" to "arc-like." The Commission and LG also contend that ITRI improperly attempts to read a functional limitation into the construction, which this court has cautioned against.

We agree with the Commission and LG that the intrinsic evidence clearly supports the Commission's construction. Starting with the claim language, the most natural reading of "structured arc sheet" is that the entire sheet must be in the shape of an arc, not that a part of the sheet contains an "arc-like" structure. Although the claim language indicates that the two structured arc sheets have "different thickness or curvature" in the disjunctive, construing the claim to include two flat sheets with different thicknesses—i.e., two sheets with a curvature of zero—would completely read the term "arc" out of the claim. *See Bicon, Inc. v. Straumann Co.*, 441 F.3d 945, 950–51 (Fed. Cir. 2006) ("[C]laims are interpreted with an eye toward giving effect to all terms in the claim.").

Furthermore, contrary to ITRI's assertion, the Commission's construction only imposes limitations on the *shape* of the structured arc sheets, not their size.

The specification of the '923 patent also supports the Commission's construction. All of the figures and the language of the specification consistently indicate that the entire sheet must be constructed in the shape of an arc. *E.g.*, '923 patent fig. 1–3c, col. 2 ll. 5–8 ("The curvature diameter *of the* structured arc sheet is not restricted . . . ." (emphasis added)). The specification further acknowledges that flat "light-diffusing sheets" with "micro particles" are a part of the prior art, which is distinct from the structured arc sheets disclosed in the patent.[2] The specification, moreover, provides no support for ITRI's contention that "arc" should be construed as "arc-like."[3] The prosecution history of the '923 patent is consistent with the claim language and specification. For example, the examiner distinguished "structured arc sheets" from flat light-diffusing sheets by explaining that the light-diffusing sheet reference "disclose[d] the instant claimed invention *except* for two arc sheets . . . ." Joint Appendix ("J.A.") at 8024 (emphasis added). And, although the two

---

[2]    Though ITRI argued in its briefing that the Commission found that this part of the specification amounted to a disclaimer, when pressed at Oral Argument, ITRI's counsel admitted that the Commission did not find a disclaimer, only that the '923 patent taught away from using light-diffusing sheets. Oral Argument at 12:00, *Industrial Tech. Research Institute v. Int'l Trade Comm'n*, 2013-1480, available at http://oralarguments.cafc. uscourts.gov/default.aspx?fl=2013-1480.mp3.

[3]    At oral argument, counsel for ITRI was unable to point to any language in the specification that supports its proposed construction. *E.g.*, Oral Argument at 7:48, 13:50.

structured arc sheets in the prior art may have been part of a single sheet, the entire sheet was bent to form multiple arcs, each of which the examiner found to be a "structured arc sheet." In other words, the arc sheets in the prior art were not "arc-like" structures on a flat sheet.

Additionally, although ITRI proposes adding the functional limitation that the structured arc sheets are "for altering the pathway of illuminating light in multiple directions," it fails to point to any language in the intrinsic evidence that requires adding this functional limitation into the construction. *See Toro Co. v. White Consol. Indus., Inc.*, 266 F.3d 1367, 1371 (Fed. Cir. 2001) ("An invention claimed in purely structural terms generally resists functional limitations."). The plain language of the claims, moreover, already includes a functional limitation, requiring that the structured arc sheets exist "for making the illuminating light uniform." '923 patent col. 4 l. 29.

For the foregoing reasons, the Commission correctly construed "structured arc sheet" as "a sheet that is constructed in the shape of an arc."

## B. The Remaining Issues

ITRI does not contest the Commission's finding of no infringement and failure to meet the technical prong of the domestic industry requirement if we affirm the Commission's construction of "structured arc sheets." *See* Appellant's Br. 13. Because we affirm the Commission's construction, we also affirm the Commission's finding of no infringement and failure to meet the domestic industry requirement. As this is sufficient to affirm the termination of the investigation, we need not address LG's affirmative defense of anticipation. *See Lacks Indus., Inc. v. McKechnie Vehicle Components USA, Inc.*, 322 F.3d 1335, 1346 (Fed. Cir. 2013) (citing *Cardinal Chem. Co. v. Morton Int'l, Inc.*, 508 U.S. 83, 93 (1993)) (refusing to address invalidity because the court affirmed non-infringement

and invalidity was merely an affirmative defense to infringement). We therefore express no opinion regarding the Commission's finding of anticipation.[4]

### III. CONCLUSION

For the foregoing reasons, we affirm the Commission's construction of "structured arc sheet." Because ITRI does not challenge the court's finding of no infringement or domestic industry based on that construction, we affirm the Commission's termination of the investigation based on no violation of section 337.

**AFFIRMED**

---

[4]   It is unclear why the Commission remanded the Final ID for the ALJ to first decide LG's affirmative defenses when the ALJ found no infringement and no domestic industry. In this case, "[b]ecause the Commission [did] not opine[] on the proper claim construction," the ALJ was forced to assume that his construction was correct in addressing the affirmative defenses. *In re Certain Devices for Improving Uniformity Used in a Backlight Module*, USITC Inv. No. 337-TA-805, 2013 WL 1084496, at *3 (ITC Feb. 28, 2013). It might be better practice for the Commission not to remand when the ALJ's Final ID was clearly dispositive of the case. Remanding in this case caused an unnecessary expenditure of administrative, judicial, and private party resources.