NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CHOON'S DESIGN, LLC,**
*Plaintiff-Appellant*

**v.**

**IDEA VILLAGE PRODUCTS CORP.,**
*Defendant-Appellee*

---

2018-1934

---

Appeal from the United States District Court for the Eastern District of Michigan in No. 2:13-cv-13568-LJM-RSW, Judge Laurie J. Michelson.

---

Decided: June 24, 2019

---

THEODORE W. OLDS, III, Carlson, Gaskey & Olds, PC, Birmingham, MI, argued for plaintiff-appellant. Also represented by BRIAN TOBIN.

JOHN S. ARTZ, Dickinson Wright PLLC, Ann Arbor, MI, argued for defendant-appellee. Also represented by FRANK MICHAEL SMITH, Troy, MI; STEVEN A. CALOIARO, Reno, NV.

---

Before PROST, *Chief Judge,* REYNA and STOLL, *Circuit Judges.*

STOLL, *Circuit Judge.*

Choon's Design, LLC sued IdeaVillage Products Corporation for patent infringement in the Eastern District of Michigan. After construing the claims, the district court awarded IdeaVillage summary judgment of noninfringement. Choon's appeals, raising claim construction and doctrine of equivalents arguments. We discern no error in the court's claim construction or its summary judgment decision. Accordingly, we affirm.

BACKGROUND

I

Choon's owns U.S. Patent No. 8,485,565, which describes a "method and device for creating a linked wearable item from elastic bands." '565 patent col. 1 ll. 11–13. "The example kit includes several pin bars that are supported in a desired spatial orientation by at least one base." *Id.* at col. 1 ll. 35–36. By manipulating elastic bands about the pin bars, "people of many skill and artistic levels [may] successfully create a desirable and durable wearable item." *Id.* at col. 1 ll. 22–23, 43–50. Figure 1 shows the kit 10 as well as the "base 12 that supports pin bars 14 that each include[] a plurality of pins 26." *Id.* at col. 2 ll. 42–44.

Hook 16 and clips 18, also illustrated, may help to manipulate the elastic bands.



FIG.1

Relevant here are dependent claims 9 and 14. Claim 9 depends from claim 1 and reads:

> 1. A kit for creating an item consisting of a series of links, the device comprising:
>
>> a base; and
>>
>> *at least one pin bar supported on the base*, the pin bar including a plurality of pins each including a top flared portion for holding a link in a desired orientation and an opening on a front side of each of the plurality of pins.
>
> 9. The kit as recited in claim 1, including a clip for securing ends of the series of links together.

*Id.* at col. 5 ll. 10–16, col. 6 ll. 1–2 (emphasis added to disputed claim term).  Claim 14 depends from claim 12 and reads:

> 12. A method of creating a linked item comprising the steps of:
>
> > *supporting at least one pin bar including a plurality of pins to a base* to define a desired relative special relationship between at least two adjacent pins;
> >
> > assembling at least two elastic bands across adjacent pins;
> >
> > capturing one end of an elastic band and pulling the end over and onto an adjacent pin while engaged with another elastic band; and
> >
> > capturing and pulling subsequent ends over until a desired link length and configuration is obtained.
>
> 13. The method as recited in claim 12, wherein a second of the at least two elastic bands is placed atop one end of the first of the at least two elastic bands on a common pin.
>
> 14. The method as recited in claim 13, wherein capturing one end of the elastic band includes using a hook tool reaching into an access groove of the pin to extend below the top most elastic band and grasp a bottom elastic band with the hook tool.

*Id.* at col. 6 ll. 7–26 (emphasis added to disputed claim term).

## II

Choon's sued IdeaVillage for infringing the '565 patent. The parties asked the district court to construe "supported on" in the phrase "at least one pin bar supported on the

base." *See Choon's Design, LLC v. IdeaVillage Prods. Corp.*, 125 F. Supp. 3d 630, 638–45 (E.D. Mich. 2015).[1] The district court construed the phase as "at least one pin bar attached to but detachable from the base." *Id.* at 644–45. It further defined "detachable" as "capable of being separated without damage." *Id.* at 645.[2]

IdeaVillage subsequently moved for summary judgment of noninfringement. The parties agreed that IdeaVillage's accused "FunLoom" product, a "single piece of molded plastic with no detachable bars and no detachable pins," illustrated below, cannot literally infringe under the district court's construction of "supported on."

 

*Choon's Design, LLC v. IdeaVillage Prods. Corp.*, No. 2:13-cv-13568-LJM-RSW, 2017 WL 4348816, at *2–3 (E.D. Mich. Sept. 29, 2017). But Choon's argued that IdeaVillage infringes under the doctrine of equivalents. The district court disagreed. It determined that the claimed detachable pin bar performs the functions of (1) maintaining the pins in an upright position, (2) permitting the addition of more pin bars to expand the kit, and

---

[1] The parties agreed "supporting," as used in claim 14, should be similarly construed. *Choon's*, 125 F. Supp. 3d at 645.

[2] The district court denied a motion for reconsideration of these constructions. *See Choon's Design, LLC v. IdeaVillage Prods. Corp.*, No. 2:13-cv-13568-LJM-RSW, 2016 WL 8261729, at *1 (E.D. Mich. Jan. 7, 2016).

(3) allowing reconfiguration of the pin bars. *Id.* at \*5. After concluding that no reasonable jury could find that the FunLoom's pins can be reconfigured, the district court granted IdeaVillage summary judgment of noninfringement. *Id.*; *see also id.* at \*8. Choon's appeals, and we have jurisdiction. 28 U.S.C. § 1295(a)(1).

## DISCUSSION

Choon's asserts that the district court erred in its construction of "at least one pin bar supported on the base." Alternatively, Choon's argues that even under the district court's construction, IdeaVillage infringes under the doctrine of equivalents. We address each argument in turn.

## I

We first consider whether the claims permit the claimed "at least one pin bar" to be permanently attached to the base, as Choon's contends, or whether the "at least one pin bar" must be detachable from the base, as IdeaVillage asserts. *See* Appellant's Br. 23–45; Appellee's Br. 17–38. We review the ultimate construction of the claim, a legal question, de novo. *See MasterMine Software, Inc. v. Microsoft Corp.*, 874 F.3d 1307, 1310 (Fed. Cir. 2017). We review constructions based solely on intrinsic evidence de novo, and we review any subsidiary factual findings on extrinsic evidence for clear error. *See Teva Pharm. USA, Inc. v. Sandoz, Inc.*, 135 S. Ct. 831, 841 (2015). We construe claim terms according to their ordinary meaning, that is, their "meaning to the ordinary artisan after reading the entire patent." *See Eon Corp. IP Holdings v. Silver Spring Networks*, 815 F.3d 1314, 1320 (Fed. Cir. 2016) (quoting *Phillips v. AWH Corp.*, 415 F.3d 1303, 1312 (Fed. Cir. 2005) (en banc)). As explained below, the intrinsic evidence leads us to affirm the district court's conclusion that "at least one

pin bar supported on the base" excludes pin bars permanently attached to a base.[3]

The claims themselves recite the base and the "at least one pin bar" as distinct elements of the claimed kit. *See, e.g.*, '565 patent col. 5 ll. 10–16. Dependent claims presume their detachability, reciting "mating features for securing the pin bar to the base," *id.* at col. 5 ll. 17–28, as well as specific arrangements for assembling the "at least one pin bar" on the base, *id.* at col. 6 ll. 27–29.

The specification further compels the understanding that the invention extends only to detachable pin bars. When the specification uses the word "support," it refers to a pin bar that users may mount to the base in a "desired" position, detach, and then reposition in another "desired" position relative to the base. *See, e.g.*, *id.* at col. 1 ll. 35–36 ("The example kit includes several pin bars that are supported in a desired spatial orientation by at least one base."), col. 2 ll. 46–49 ("One or several pin bars 14 are mounted to several bases 12 as is shown to support the pin bars 14 and the corresponding pins 26 in a desired alignment."), 52–53 ("In this example three bases 12 are utilized to support the pin bars 14 in a desired relative orientation."), col. 3 ll. 49–53 (discussing possible configurations for "three bases [that] are supporting three pin bars 14"),

--------

[3]     Choon's criticizes the district court for "select[ing] which terms to construe with an eye towards the[] infringement issues and the accused device." Appellant's Br. 37. As we have previously explained, however, "although the claims are construed objectively and without reference to the accused device, only those terms need be construed that are in controversy, and only to the extent necessary to resolve the controversy." *Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 803 (Fed. Cir. 1999). The district court did not err in considering the accused product in order to identify the claim terms material to infringement.

col. 4 ll. 24–28 ("The example base template 12 can be arranged to support many pin bars 14 and therefore links can be formed longitudinally and laterally across adjacent pin bar 14 to form a wide variety of link configurations and combinations."). "Where, as here, 'a patent "repeatedly and consistently" characterizes a claim term in a particular way, it is proper to construe the claim term in accordance with that characterization.'" *Wisconsin Alumni Research Found. v. Apple Inc.*, 905 F.3d 1341, 1351 (Fed. Cir. 2018) (quoting *GPNE Corp. v. Apple Inc.*, 830 F.3d 1365, 1370 (Fed. Cir. 2016)).

Indeed, the specification discloses *only* loom kits having detachable bases and pin bars. While not dispositive of the claim construction issue, that the specification discloses this single configuration supports the district court's construction. Moreover, the specification emphasizes how this design allows for kit expansion and "provides for many possible orientations of adjacent pins, and therefore different orientations of and designs for a completed linked article." '565 patent col. 1 ll. 48–50; *see also id.* at Abstract, col. 1 ll. 35–42, col. 2 ll. 46–53, col. 3 ll. 36–42, 45–61, col. 4 ll. 24–28, 34–35, 57–67; Oral Arg. at 32:50–55, http://oralarguments.cafc.uscourts.gov/dfault.aspx?fl= 2018-1934.mp3 ("There's no question the . . . loom as shown in this patent, they're removable."). To construe the claims to cover integral pin bars and bases would eliminate these benefits and expand the scope of the claims beyond the specification. *See Kinetic Concepts, Inc. v. Blue Sky Med. Grp., Inc.*, 554 F.3d 1010, 1019 (Fed. Cir. 2009).

Nothing in the prosecution history suggests that the pin bars and base may be permanently attached. And though dictionary definitions of "supported" may suggest a broader meaning, *see, e.g.*, J.A. 1160, such extrinsic evidence does not outweigh the intrinsic record. *See Finisar Corp. v. DirecTV Grp., Inc.*, 523 F.3d 1323, 1328 (Fed. Cir. 2008) ("When construing claims, the claims and the rest of the patent, along with the patent's prosecution

history . . . are the primary resources; while helpful, extrinsic sources like dictionaries and expert testimony cannot overcome more persuasive intrinsic evidence."). Though Choon's argues otherwise, the specification, not dictionaries or colloquial use, dictates a term's "plain and ordinary meaning." *See, e.g.*, *Retractable Techs., Inc. v. Becton, Dickinson & Co.*, 653 F.3d 1296, 1305 (Fed. Cir. 2011) ("It is axiomatic that the claim construction process entails more than viewing the claim language in isolation. Claim language must always be read in view of the written description . . . .").

Choon's next urges that because the claims encompass kits with "at least one," and thus one, pin bar, they cannot require detachability, because detachability would have little benefit in the single pin-bar context. *See* Appellant's Br. 28–35. It weaves an analogy to *Rexnord Corp. v. Laitram Corp.*, in which we construed "portion" to cover both single and multi-piece designs. 274 F.3d 1336, 1345 (Fed. Cir. 2001). But any resemblance to *Rexnord* quickly unravels. In *Rexnord*, the specification "support[ed] an interpretation [of portion] that can cover either one-piece or two-piece embodiments." *Id.* Here, the specification supports the opposite result. In describing the "one or several pin bar[]" embodiments, it emphasizes that the pin bar or bars may be mounted on the base "in a desired alignment," necessitating detachability. *See* '565 patent col. 2 ll. 46–49. Thus, we cannot agree that the specification's mere mention of "one" pin bar expands the claims to embrace permanently attached pin bars.

Accordingly, we conclude that the district court correctly construed "at least one pin bar supported on the base" as "at least one pin bar attached to but detachable from the base."

## II

We next address whether the district court erred in awarding summary judgment of noninfringement. We

review the district court's grant of summary judgment according to the law of the regional circuit. *See Exmark Mfg. Co. Inc. v. Briggs & Stratton Power Prod. Grp., LLC*, 879 F.3d 1332, 1340 (Fed. Cir. 2018). The Sixth Circuit reviews such grants de novo, determining "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Rd. Sprinkler Fitters Local Union No. 669, U.A., AFL-CIO v. Dorn Sprinkler Co.*, 669 F.3d 790, 793 (6th Cir. 2012) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986)).

Choon's does not contest that IdeaVillage's product lacks reconfigurable pins. *See generally* Appellant's Br. As such, Choon's concedes that IdeaVillage does not literally infringe the '565 patent. *Id.* at 45. Choon's argues that IdeaVillage nevertheless infringes under the doctrine of equivalents. We disagree. "The doctrine of equivalents prevents an accused infringer from avoiding infringement by changing only minor or insubstantial details of a claimed invention while retaining their essential functionality." *Sage Prod., Inc. v. Devon Indus., Inc.*, 126 F.3d 1420, 1424 (Fed. Cir. 1997). Thus, if "the accused product performs substantially the same function in substantially the same way with substantially the same result as each claim limitation of the patent[]" the patentee may show infringement even where, literally, the accused product lacks some claim limitation. *Crown Packaging Tech., Inc. v. Rexam Beverage Can Co.*, 559 F.3d 1308, 1312 (Fed. Cir. 2009).

In this case, the district court correctly concluded that as a matter of law, IdeaVillage's integral FunLoom product does not perform the same function as the claimed "at least one pin bar supported on the base." The claim requires pinbar detachability, and the accused device must perform the functions of the detachable pin bar in order to be an equivalent. *See Honeywell Int'l, Inc. v. ITT Indus., Inc.*, 452 F.3d 1312, 1321 (Fed. Cir. 2006). Beyond a doubt—or, at least, beyond any reasonable dispute—a function of the

detachable pin bar is permitting kit reconfiguration. By adding, subtracting, and rearranging pin bars on the supporting bases, users can create different designs. *See, e.g.*, '565 patent Abstract. The patent touts this functionality, explaining that "the extent to which additional bases and pin bars 14 can be added and the configurations possible are limited only by the desire of the user of the disclosed kit." *Id.* at col. 3 ll. 56–61; *see also id.* at Abstract (explaining that "base and pin bars may be assembled in various combination and orientations to provide endless variation"), col. 1 ll. 38–50 ("The base and pin bars may be assembled in various combination and orientations to provide endless variation of completed link orientations. . . . The disclosed kit provides for many possible orientations of adjacent pins . . . ."). The specification highlights this function no less than nine times. *Id.* at Abstract, col. 1 ll. 35–42, 48–50, col. 2 ll. 46–53, col. 3 ll. 36–42, 45–61, col. 4 ll. 24–28, 34–35, 57–67; *see also* Oral Arg. at 3:27–36 (acknowledging "might be nine, might be eleven" mentions of benefits of detachability). And it does not distinguish between single-pin-bar and multi-pin-bar embodiments. *See, e.g.*, '565 patent col. 2 ll. 46–53 ("*One or several* pin bars 14 are mounted to several bases 12 as is shown to support the pin bars 14 and the corresponding pins 26 in a desired alignment." (emphasis added)). We thus agree with the district court that no reasonable jury could find a non-reconfigurable pin bar equivalent to the claimed "at least one pin bar supported on the base." *See K-2 Corp. v. Salomon S.A.*, 191 F.3d 1356, 1367 (Fed. Cir. 1999) ("[W]here the patent document expressly identifies a role for a claim limitation, the doctrine of equivalents cannot be used to capture subject matter that does not substantially fulfill that role."). Accordingly, IdeaVillage's product, which lacks reconfigurable pins, cannot infringe as a matter of law.

Contrary to Choon's urging, our decision in *Toro Co. v. White Consolidated Industries, Inc.*, does not mandate a

different result.  266 F.3d 1367 (Fed. Cir. 2001).  In *Toro*, we reversed a grant of summary judgment where a reasonable jury could have found that the identified element of the accused device performed substantially the same function as that of the claimed invention.  *Id.* at 1372.  We explained that the district court had erred by deeming a function "mention[ed] in passing . . . among other functions" so significant as to preclude equivalence.  *Id.*  In contrast, the specification here repeatedly stresses that detachability permits reconfiguration.  *See* '565 patent Abstract, col. 1 ll. 35–42, 48–50, col. 2 ll. 46–53, col. 3 ll. 36–42, 45–61, col. 4 ll. 24–28, 34–35, 57–67.

Choon's asserts that because it and its expert, the inventor of the '565 patent, do not agree that a function of detachability is reconfiguration, genuine issues of material fact preclude summary judgment.  The inventor of the '565 patent did state that "there is no function to having the 'at least one pin bar' [i.e., a single pin bar] be detachable from the base."  J.A. 1506.  But again, the '565 patent repeatedly emphasizes that detachability allows reconfiguration, and it describes even the "one or several pin bar[]" embodiments as detachable.  *See, e.g.*, '565 patent col. 2 ll. 46–49.  The expert's litigation-induced pronouncement "does not trump the clear disclosures and assertions in the patent itself."  *Vehicular Techs. Corp. v. Titan Wheel Int'l, Inc.*, 212 F.3d 1377, 1382 (Fed. Cir. 2000).  Similarly, though Choon's introduced evidence that the public views the Choon's and IdeaVillage products as equivalents, such evidence does not suggest that IdeaVillage's product infringes the '565 patent's claims, literally or by equivalence.  *See Freedman Seating Co. v. Am. Seating Co.*, 420 F.3d 1350, 1358 (Fed. Cir. 2005) ("[T]he all limitations rule requires that equivalence be assessed on a limitation-by-limitation basis, as opposed to from the perspective of the invention as a whole.").

CONCLUSION

We have considered the parties' remaining arguments and find them unpersuasive.  For the foregoing reasons, we affirm the district court's award of summary judgment.

**AFFIRMED**